# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **DAVID E. SALLER,**<br>4359 SOUTHVIEW WAY DRIVE<br>ST. LOUIS, MO 63129<br>　　　　　　Plaintiff,<br><br>vs.<br><br>**ST. LOUIS COUNTY, MISSOURI**<br>　　SERVE:　STEVEN STENGER<br>　　　　　　41 N. CENTRAL<br>　　　　　　CLAYTON, MO 63105<br><br>**AND**<br><br>**ST. LOUIS COUNTY**<br>**POLICE DEPARTMENT,**<br>　　SERVE:　CHIEF JON BELMAR<br>　　　　　　7900 FORSYTH BLVD<br>　　　　　　CLAYTON, MO 63105<br><br>**AND**<br><br>**ST. LOUIS COUNTY BOARD OF POLICE**<br>**COMMISSIONERS**<br>　　SERVE:　ROLAND J. CORVINGTON<br>　　　　　　7900 FORSYTH BLVD<br>　　　　　　CLAYTON, MO 63105<br><br>**AND**<br><br>**ROLAND J. CORVINGTON, ST. LOUIS**<br>**COUNTY BOARD OF POLICE**<br>**COMMISSIONERS**<br>　SERVE AT: 7900 FORSYTH BLVD<br>　　　　　　CLAYTON, MO 63105<br><br>**AND** | Case No.<br><br>**JURY TRIAL DEMANDED** |

1

**T.R. CARR, ST. LOUIS COUNTY BOARD** )
**OF POLICE COMMISSIONERS** )
  SERVE AT: 7900 FORSYTH BLVD )
        CLAYTON, MO 63105 )
 )
AND )
 )
**LAURIE L. WESTFALL, ST. LOUIS COUNTY** )
**BOARD OF POLICE** )
**COMMISSIONERS** )
  SERVE AT: 7900 FORSYTH BLVD )
        CLAYTON, MO 63105 )
 )
AND )
 )
**LAWRENCE M. WOOTEN, SR., ST. LOUIS** )
**COUNTY BOARD OF POLICE** )
**COMMISSIONERS** )
  SERVE AT: 7900 FORSYTH BLVD )
        CLAYTON, MO 63105 )
 )
AND )
 )
**CHIEF JON BELMAR** )
  SERVE AT: 7900 FORSYTH BLVD )
        CLAYTON, MO 63105 )
 )
AND )
 )
**CHARLIE DOOLEY** )
  SERVE AT: 4408 CHARLIE DOOLEY DRIVE )
        ST. LOUIS, MO 63121 )
 )
AND )
 )
**THOMAS NOBLE** )
  SERVE AT: 232 VANCE ROAD )
        ST. LOUIS, MO 63088 )

## **COMPLAINT**

**COMES NOW** plaintiff, and alleges the following as his causes of action against defendants.

## ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action by Plaintiff David Saller for damages for excessive force resulting from a violation of his constitutional rights by on-duty St. Louis County police officer Thomas Noble ("Officer Noble"), the County of St. Louis, the St. Louis County Police Department, the St. Louis County Board of Police Commissioners, St. Louis County Executive Charlie Dooley, and St. Louis County Police Chief Jon Belmar. The defendants violated Mr. Saller's well-settled federal civil rights while acting under color of state law.

## JURISDICTION

2. Plaintiff's actions arise under 42 U.S.C. §§1983, 1985 and 1988 and the United States Constitution. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343. Plaintiffs invoke the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367 to hear and decide their claims under Missouri law. This Court also has jurisdiction pursuant to 42 U.S.C. §1988 to award and allocate attorney's fees which are specifically requested in the Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (e) because the events and/or acts and/or omissions giving rise to this Complaint occurred in St. Louis County,

Missouri, which lies within the Eastern District of Missouri and because defendants were performing their duties and responsibilities within the Eastern District of Missouri.

**PARTIES**

4. Plaintiff David Saller currently resides in the State of Missouri.

5. Defendant Thomas Noble ("Officer Noble") and Defendant Jon Belmar ("Chief Belmar") are believed to be citizens of the United States and the State of Missouri and were, at all times mentioned in this Complaint, officers of the St. Louis County Police Department, duly appointed and retained by the St. Louis County Police Department and the St. Louis County Board of Police Commissioners ("Board").  They are referred to collectively as the "Defendant Police Officers." They are being sued in their individual and official capacities.

6. At all relevant times herein, police officer Chief Jon Belmar was a law enforcement officer employed by Defendant St. Louis County as a member of the St. Louis County Police Department and was acting under color of law.  Chief Belmar had custody, rule, keeping and charge of the officers and deputies who were within the employ of the St. Louis County Police Department and formulated policy for St. Louis County and St. Louis County Police Department.

7. The St. Louis County Board of Police Commissioners is a state agency that can be sued only by serving and naming the individual members of the Board of Police Commissioners of St. Louis County, Missouri, in their official capacity. The St. Louis

County Board of Police Commissioners is an agency created and existing in accordance with the laws of the state of Missouri.

8. Defendants Roland J. Corvington ("Corvington"), T.R. Carr ("Carr"), Laurie L. Westfall ("Westfall"), and Lawrence M. Wooten ("Wooten"), Sr., are the duly appointed and acting members of the Board, and are sued only in their official capacities as officers and members of the Board. At all relevant times, the Board and its individual members were acting under color of law. The Board and its individual members had custody, rule, keeping and charge of the officers and deputies who were within the employ of St. Louis County and formulated policy for the St. Louis County and the St. Louis County Police Department. The Board and its individual members controlled all relevant activities, policies, rules, customs and training of the St. Louis County Police Department.

9. The Board has the duty and responsibility to preserve the public peace, prevent crime and arrest offenders, and enforce all laws and ordinances within the limits of St. Louis County, Missouri.

10. The Board has exclusive management and control of its policies and practices regarding the method and manner of response to calls for officer assistance, and is responsible for ensuring that members of the St. Louis County Police Department conduct themselves in a lawful manner in undertaking their duties.

11. Each and all of the acts of Defendant Board and the Defendant Police Officers were made under the color and pretense of the statutes of the state of Missouri and the regulations, practices, customs, and usages of the St. Louis County Police Department.

12. Defendant St. Louis County, a governmental entity, was created by, and established under, the laws of the State of Missouri. At all relevant times, St. Louis County had the ability to control and direct the conduct of the aforementioned officers as they performed their duties in furtherance of St. Louis County's goals.  St. Louis County was also charged with the direction and supervision of officers who were within its employ.  Each of the acts alleged herein against defendants were committed by them individually, or their agents, servants and/or employees, while acting under color of state law with approval and knowledge of their superiors.

13. At all times relevant herein, Charlie Dooley ("Mr. Dooley"), was the St. Louis County Executive and was acting under color of law. Mr. Dooley had custody, rule, keeping and charge of the officers and deputies who were within the employ of St. Louis County and formulated policy for St. Louis County and the St. Louis County Police Department.  Mr. Dooley controlled all relevant activities, policies, rules, customs and training of the St. Louis County Police Department.  Plaintiff sues Mr. Dooley in his individual capacity.

**FACTS**

14. David Saller ("David") was, at all relevant times, an 18-year old man who weighed approximately 115 pounds.

15. Just prior to 4:46 pm on December 13, 2011, David was in his residence in St. Louis County, Missouri when he and his father James Saller got into a verbal altercation.

16. David's mother, Lynn Saller, informed the St. Louis County Police Department of David's conduct and officers were dispatched to his residence at 4359 Southview Way Drive in St. Louis County, Missouri.

17. Defendant Noble first arrived at the residence at 4:50 0m on December 13, 2011.

18. When Defendant Noble arrived to the scene, David did not pose a threat to himself or others as he was standing in the basement having a discussion with his father. The argument had calmed down.

19. Without warning and without announcing himself as a police officer, Defendant Noble yelled at David get down and then tackled David to the ground. Defendant Noble then began punching David in the face repeatedly.

20. Defendant Noble then, without warning of its use, shot a TASER device into David's body as he had David pinned on the ground. Both probes made secure contact with David.

21. David remained on the ground with his arms trapped underneath Defendant Noble's kneeds and with the TASER probes in his body.

22. While David was still on the ground, without posing a threat of safety to himself or others and with the TASER probes still in his body, Defendant Noble used the TASER device again. While using the TASER, Defendant Noble continued to punch David in the face. The majority of the TASER cycles employed on David were for the express purpose of inflicting pain and punishment and without any legitimate police purpose.

7

23. Defendant Noble used the TASER device while David on the ground and when defendant Noble was present and available to maneuver David off the ground and otherwise secure David's cooperation.

24. Defendant Noble did not use the TASER cycle as an opportunity to secure David's arms and handcuff him.

25. The pretext for the multiple uses of the TASER was that David "resisted arrest" or "attempted" to punch Defendant Noble.

26. Ultimately, defendant Noble did eventually pulled David's arms behind his back, handcuff him, and had him transported to the emergency room for treatment.

27. David was treated at the emergency room for lacerations to his head and body, and a broken tooth. David received multiple stitches in his forehead.

## COUNT I

### VIOLATION OF FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION UNDER 42 U.S.C. §1983

28. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Defendant Noble did assault and otherwise brutalize David as aforementioned, and unreasonably seized David in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

30. Defendant Noble used excessive force and, when he had the opportunity to do so, failed to stop assaulting David, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

31. David had a right to have his serious medical needs addressed, but defendant Noble failed to respond to these known risks and needs in a timely manner in violation of the Eighth and Fourteenth Amendments.

32. Specifically, these defendants were deliberately indifferent in one or more of the following respects:

    a. defendants knew of and disregarded the substantial risk of harm to David in failing to exercise proper crisis management, in using a TASER on David, in using a TASER multiple times on David, in using a TASER on David after he had been restrained by Noble and/or others, in using a TASER to obtain "pain compliance," in keeping him in on the ground before, during and after using a TASER device and while it was unnecessary to TASE David;

    b. defendants failed to provide medical treatment and/or therapy to David's medical conditions in a timely manner;

    c. defendants failed to take reasonable measures to abate the aforementioned risks and the conditions David suffered from.

33. As a direct and proximate result of the aforementioned unlawful acts and malicious physical abuse of David by defendants, all committed under color of law and under the

officers' authority as St. Louis County police officers, David was severely injured and was deprived of his right to be free from unreasonable seizures of his person, from the use of excessive force and to have his serious medical needs addressed, in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

34. The acts of Defendant Noble were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of David, thus entitling plaintiffs to an award of punitive damages against defendants.

35. If plaintiff prevails, he is entitled to attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages and/or nominal damages in an amount that is fair and reasonable, for damages for aggravating circumstances, for attorney's fees and the costs of the litigation and for such other and further relief as is just and proper.

## COUNT II
### LIABILITY OF ST. LOUIS COUNTY, ST. LOUIS COUNTY POLICE DEPARTMENT, ST. LOUIS COUNTY BOARD OF POLICE COMMISSIONERS, CHARLIE DOOLEY AND JON BELMAR FOR FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS UNDER 42 U.S.C. §1983

36. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 35 of this First Amended Consolidated Complaint as though fully set forth herein.

37. There exists within St. Louis County policies or customs, practices and usages that are so pervasive that they constitute the policies of the entities that caused the constitutional deprivations of David as have been more fully set forth herein above.

38. Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten, maintained unconstitutional policies, customs, practices and usages and were deliberately indifferent in:

   a. That officers of the St. Louis County Police Department use excessive force, including deadly force, without regard for the need for the use of force, or without regard for the legality of its use.  Officers of the St. Louis County Police Department expect and demand compliance even when they lack legal authority and are quick to escalate encounters with subjects they perceive to be disobeying their orders, resisting arrest, who are committing minor crimes and who were not actively or only minimally resisting, attempting to flee or posing any imminent danger to others;

   b. That officers of the St. Louis County Police Department conspire with one another to cover for and protect one another from criminal and/or civil sanctions that might arise from the violation of constitutional rights of a citizen through weak oversight of officer use of force;

   c. That officers of the St. Louis County Police Department can use excessive force when it is not necessary and warranted where the police department fails to take action, investigate or adequately punish officers that violate the constitutional rights of its citizens as more fully described above;

d.  That officers of the St. Louis County Police Department engage in conduct that is violative of the constitutional rights of its citizens of the United States, with whom they come into contact, including, but not limited to: unjustifiably using excessive force, using a TASER device in an unauthorized and excessive manner, overly relying on the use of a TASER device where less force or no force would suffice, failing to use proper Crisis Intervention techniques, interpreting indications of mental or physical illness as belligerence, failing to take an individual's mental health condition or intellectual disability in consideration when determining the use of force and improper restraint of individuals in violation of the Constitution of the United States;

e.  That St. Louis County, the St. Louis County Police Department, the St. louis County Board of Police Commissioners, Dooley, and Belmar wilfully and deliberately failed to instruct, control, supervise discipline and train their officers on the authorized and acceptable use of a TASER device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

f.  That St. Louis County, the St. Louis County Police Department, the St. louis County Board of Police Commissioners, Dooley, and Belmar wilfully and deliberately failed to implement or require the implementation of a policy on the authorized and acceptable use of a TASER device, when reasonable force can and

  should be used, on Crisis Intervention techniques and properly restraining individuals.

  g. That St. Louis County, the St. Louis County Police Department, the St. louis County Board of Police Commissioners, Dooley, and Belmar wilfully and deliberately failed to enforce or require enforcement on the authorized and acceptable use of a TASER device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

39. Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten, (policymakers for St. Louis County) had the duty to effectively supervise, monitor and control the peace officers in their employ.

40. In addition, Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten, had the duty to effectively train the peace officers in its employ, including supervisors and those who were charged with supervising, monitoring and controlling the deputies of the St. Louis County Police Department.

41. An integral part of the discharge of the duties of St. Louis County is the establishment of an effective internal affairs function by which complaints about officer conduct, acts and failures to act would be received, recorded, investigated and accurately determined. Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and

Wooten failed to thoroughly investigate or review claims of excessive force or even use of force. They failed to thoroughly investigate or review unauthorized and excessive use of TASER devices, restraint of persons and crisis interaction, failed to monitor officers against whom excessive force and unauthorized and excessive use of TASER device and other restraint and crisis intervention complaints had been made and failed to remove officers from active duty who were found to have engaged in excessive force and unauthorized and excessive use of TASER devices and other restraint maneuvers. The failure to train, discipline or supervise the officers of the St. Louis County Police Department has resulted in members of the St. Louis County Police Department using excessive force as a matter of custom in violation of clearly established law. Defendants' failure to train, supervise or discipline its officers is not objectively reasonable.

42. Upon information and belief, St. Louis County officers frequently do not report the force they use at all. St. Louis County's internal affairs files contain instances of force that were not included in force files, offense reports containing use of force do not have a corresponding use of force report, force documented in officer workers' compensation claims do not have a corresponding use of force report and there is an over representation of TASER uses as opposed to use of force forms where a physical blow or baton strike was used.

43. Upon information and belief, Defendant Noble and one or more St. Louis County Police Department officers have engaged in the same or similar conduct as that experienced by David, including being subjected to improper Crisis Intervention care, subjecting others

to excessive force, improper restraint and using a TASER device in an unauthorized and excessive manner.  Defendant St. Louis County had received complaints regarding these similar incidents prior to the date of the incident involving the plaintiff and at least two lawsuits and/or claims have been filed against one or more of the defendants relating to excessive force.

44. Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten  policies, customs, practices or usages authorized and permitted the actions of Defendant Noble as Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten did nothing to address the complaints (such as training or disciplining their officers).  Instead, Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten ignored or rejected the complaints.

45. Further, by their actions, Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten have ratified the unlawful conduct of Defendant Noble.

46. As a direct and proximate result of the policies, customs, practices and usages of defendants Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and

Wooten, David was severely injured, as described herein above, and plaintiff is entitled to compensatory damages under 42 U.S.C. §1983.

47. The acts of Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten, as set forth above, were reckless and callously indifferent to the rights of David, thus entitling plaintiff to an award of punitive damages against these defendants. Furthermore, if plaintiff prevails, he is entitled to attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff prays for judgment against Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten, jointly and severally, for compensatory damages, for damages for aggravating circumstances against Defendants St. Louis County, St. Louis County Police Department, St. Louis County Board of Police Commissioners, Dooley, Belmar, Corvington, Carr, Westfall, and Wooten, and/or nominal damages in an amount that are fair and reasonable, for attorneys' fees and the costs of the litigation and for such other and further relief as is just and proper.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

THE MUTRUX LAW FIRM, LLC

BY: /s/ *R. Tyson Mutrux*
    R. Tyson Mutrux #63117MO
    1717 Park Avenue

St. Louis, MO 63104
(314) 270-2273
(314) 884-4333 Facsimile
Tyson@MutruxLaw.com
*Attorney for Plaintiff David Saller*